**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BANK OF UTAH, IN ITS CAPACITY AS TRUSTEE FOR S/N 22297 TRUST and S/N 22289 TRUST,** | : | |
| **Plaintiff** | : | |
| **v.** | : | **No. ______________** |
| **8348898 CANADA INC. and AIRMEDIC INC.,** | : | |
| **Defendants** | : | |

## COMPLAINT

Plaintiff Bank of Utah, in its capacity as Trustee for S/N 22297 Trust and S/N 22298 Trust ("Plaintiff' or "Trustee"), by and through undersigned counsel, files this Complaint and alleges against Defendant 8348898 Canada Inc. ("Canada" or "Lessee") and Defendant AirMedic Inc. ("AirMedic" or "Sublessee") (collectively "Defendants") as follows:

## I. NATURE OF THE ACTION

1. This is an action for breach of contract against Defendants resulting from Defendants' default on their obligations under leases and subleases for two helicopters owned by Plaintiff. As a result of Defendants' default, Plaintiff is now exercising its rights under the lease and sublease agreements and is requesting monetary damages and preliminary injunctive relief to prevent further damage from being incurred.

## II. PARTIES

2. Bank of Utah is a corporation organized and existing under the laws of the State of Utah. Bank of Utah, in its capacity as trustee for the S/N 22297 Trust and the S/N 22298 Trust (collectively "Trusts"), brings this action as Plaintiff. The Trusts were established on March 31,

2014 pursuant to two identical Trust Agreements, between Plaintiff, as Trustee, and IHL AW SN 22297 LLC and IHL AW SN 22298, as Trustors, respectively (collectively, the "Trust Agreements"). The Trust Agreements are attached hereto as Exhibit 1.

3. Defendant Canada is a foreign corporation organized under the laws of Canada with its principal place of business at 9160, Boul. Leduc, Bureau 310, Brossard QC J4Y 0E3.

4. Defendant AirMedic is a foreign corporation organized under the laws of Canada with its principal place of business at 9160, Boul. Leduc, Bureau 310, Brossard QC J4Y 0E3.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

6. Defendants have agreed to be subject to personal jurisdiction in the State of Pennsylvania pursuant to the Supplement Agreement No. 2 Dated December 23rd 2013 to the Lease Agreement No. 12028WPC #2 and subsequent agreements discussed herein.

7. Venue is proper as to Defendants under 28 U.S.C. § 1391(c)(3) because Defendants have agreed that venue is proper in any court located in the state of Pennsylvania pursuant to the Supplement Agreement No. 2 Dated December 23rd 2013 to the Lease Agreement No. 12028WPC #2 and subsequent agreements discussed herein.

## IV. FACTUAL ALLEGATIONS

*History of the Lease and Sublease Agreements*

8. This action arises out of the lease and sublease of two AgustaWestland S.p.A. model AW 109SP helicopters bearing manufacturer serial numbers SN 22297 and SN 22298 (the

"Helicopters") between and among the Plaintiff and the Defendants. This lease and sublease arose as a result of a series of transactions detailed below.

9. The Helicopters were initially owned by AgustaWestland Philadelphia Corporation ("AgustaWestland"). On October 17, 2012 AgustaWestland entered into two separate, but identical, agreements with Capitale Helipro Inc. ("Capitale") whereby Capitale leased the Helicopters from AgustaWestland for a period of 84 months beginning on December 24, 2013 for a downpayment of $450,000 and a monthly rent payment of $64,450 (the "Headleases"). The Headleases are attached hereto as Exhibit 2.

10. On June 19, 2013, AgustaWestland and Capitale entered into identical supplemental lease agreements for the Helicopters that modified the terms of the Headleases in several ways, including increasing the monthly rent payment to $64,563 (the "First Lease Supplements"). First Lease Supplements ¶ 2(b). The First Lease Supplements are attached hereto as Exhibit 3.

11. On December 23, 2013, AgustaWestland and Capitale entered into another set of identical supplements to the Headleases, wherein Defendant Canada, a subsidiary of Capitale, was substituted as the lessor in place of Capitale (the "Second Lease Supplements"). The Second Lease Supplements are attached hereto as Exhibit 4. Further, Defendant AirMedic, another subsidiary of Capitale, became party to the Headleases as a sub-lessee. Under the Second Lease Supplements, Capitale agreed to act as a guarantor of AirMedic's "financial commitments in order that [AgustaWestland] will be able to sell the Helicopters to a third party." Second Lease Supplements ¶ 5. Among other changes to the terms of the Headleases, the monthly rent for each Helicopter was increased to $72,840. *Id.* ¶ 2(i).

12. The purpose of Capitale's guarantee in the Second Lease Supplements was to assist AgustaWestland in finding a purchaser for the Helicopters.

13. On March 31, 2014, AgustaWestland sold its interest in the two helicopters to Plaintiff pursuant to the Sale Contract attached hereto as Exhibit 5 for the amount of $14,568,000 (the "Sale Contract"). *Id.* at Ex. A.

14. The following day, on April 1, 2014, AgustaWestland assigned the right, title, and interest in the Headleases to Plaintiff, and both Defendants acknowledged and agreed to those assignments (the "Headlease Assignments"). The Headlease Assignments are attached hereto as Exhibit 6.

15. Also on April 1, 2014, AgustaWestland, Defendants, and Capitale entered into another set of identical supplements to the Headleases, whereby, among other changes, AgustaWestland agreed to make lease payments from April 1, 2014 through August 1, 2014 (the "Third Lease Supplements"). Third Lease Supplements ¶ 2(g). The Third Lease Supplements are attached hereto as Exhibit 7.

16. On this same day, April 1, 2014, Defendants also entered into two identical sublease agreements for both helicopters whereby AirMedic officially agreed to sublease the Helicopters from Canada (the "Subleases"). The Subleases are attached hereto as Exhibit 8. Defendant Canada then assigned the Plaintiff a security interest in the Subleases providing Plaintiff the right to enforce the terms of the Sublease (the "Sublease Assignments"). Sublease Assignments ¶ 3. The Sublease Assignments are attached hereto as Exhibit 9.

17. Pursuant to the Trust Agreements and as a result of the Sales Contract, the Headlease Assignments, and the Sublease Assignments that were consummated on both March 31, 2014 and April 1, 2014, Plaintiff has the right to enforce both the Headleases, the First Lease

Supplement, the Second Lease Supplement, and the Third Lease Supplement (collectively the "Final Headleases"), as well the Subleases. The Final Headleases and the Sublease are collectively referred to as the "Leases."

18. The Leases contain a governing law provision, which provides that the Leases will be governed by the laws of the United States where federal law applies, and the laws of the Commonwealth of Pennsylvania where state laws apply. Leases at § 16.

19. Plaintiff purchased the Helicopters as trustee to the Trusts. Under the Trust Agreements, Plaintiff is required to take action with respect to any default of under any lease of the Helicopters of which Plaintiff has actual knowledge. Trust Agreements at § 3.14.

*Defendants' Defaults*

20. Both Defendants have defaulted on their obligations under the Leases in multiple ways.

21. The Defendants committed their first event of default under the Leases when they refused to pay the legal fees due and payable to Akin Gump Strauss Hauer & Field LLP ("Akin Gump") under §§ 8(d) and 23 of the Leases in the amount of $114,656.34. *See* Letter from Edward P. Christian of Akin Gump to Sophie Larochelle of Capitale, Re: Letter dated August 13, 2014 from Capitale Helipro Inc. to Hawke Aerospace group in respect of Claim for Legal Fees from Akin Gump ("Capitale Letter") (Sept. 29, 2014), attached hereto as Exhibit 10 ("Sept. 29, 2014 Demand Letter").

22. The Defendants continued to be in default when neither Canada nor AirMedic made the lease payment for SN 22297 due on September 1, 2014. The Subleases required that rent payments would be made at the first of each month. Sublease § 4(a)(2); Attachment 1. Pursuant to the Third Lease Supplements, AgustaWestland made the first five monthly rent

payments for April, May, June, July, and August of 2014. Third Lease Supplements ¶ 2(g). Also, pursuant to the Third Lease Supplements, Canada and AirMedic were required to make monthly rent payments beginning September 1, 2014. *Id.* The Defendants, however, never made the September 1, 2014 rent payment related to SN 22297.

23. On September 24, 2014 and October 16, 2014, Infinity Helicopter Leasing ("IHL"), the trustor to the Trusts, notified the Defendants through their parent company, Capitale, of Defendants' failure to make the September 1, 2014 rent payments. Letter from Stephen S. Gray of IHL to Stephan Huot of Capitale, Re: Letter of Default (Sept. 24, 2014) ("Sept. 24, 2014 Notice of Default") attached hereto as Exhibit 11; Letter from Stephen S. Gray of IHL to Stephan Huot of Capitale (Oct. 16, 2014) ("Oct. 16, 2014 Notice of Default") attached hereto as Exhibit 12. In the Oct. 16, 2014 Notice of Default, IHL demanded payment and cure of Defendants' default to no avail.

24. While the Defendants made their monthly rent payment in October 2014, the Defendants failed to make the $72,840 September 1, 2014 rent payment, which is still outstanding today. *See* Oct. 16, 2014 Notice of Default; *see also*, Letter from John Thomas of Bank of Utah to Sophie Larochelle of AirMedic and Canada, Re: Notice of Default and Demand (Apr. 24, 2017) ("Apr. 24, 2017 Notice of Default") attached hereto as Exhibit 13.

25. Since mid to late 2014, Defendants have also been in default of their obligations under § 22 of the Leases by failing to execute documents necessary to protect the Plaintiff's title to the Helicopters, including documents necessary to record the Leases with the appropriate authorities. Oct. 16, 2014 Notice of Default; Apr. 24, 2017 Notice of Default. Defendants, however, have refused to execute such necessary documents, despite having been on notice of their obligation to do so since at least October 2014. *Id.*

26. Defendants have continued their pattern of default under the Leases by historically making rent payments more than two months late since the inception of the Leases. Under the Headleases, Defendant Canada has 10 days from the due date of any rent payments before interest will be charged. For any rent payments more than 10 days late, however, interest of LIBOR plus 3% per annum is due on those payments from the due date to the date payments are actually made. Headleases § 4(b). Therefore, Defendant Canada is liable under the Headleases for interest for every late payment. Apr. 24, 2017 Notice of Default at 2.

27. As of the date of filing this Complaint, Defendants have also failed to make timely rent payments for May and June 2017.

**COUNT I: Breach of Contract**
**(Plaintiff v. Defendant Canada: Breach of Final Headleases)**

28. The allegations of paragraphs 1 through 27 are incorporated herein by reference, as if fully set forth herein.

29. Pursuant to Section 4(a)(3) of the Final Headleases, Canada was required to make monthly rent payments due on the first of each month.

30. Canada breached its contractual obligations by failing to make monthly rent payments or by failing to make payments within 10 days after they were due in violation of Section 13 of the Final Headleases.

31. Despite demand, Canada has refused to pay all amounts due and owing to Plaintiff.

32. Therefore, Canada is liable for unpaid rent and any interest accruing from late rent payments in an amount to be proven at trial or by motion.

33. As a direct and proximate result of Canada's breach of the Headleases, Plaintiff has suffered damages. Pursuant to Section 14(b) of the Final Headleases, Plaintiff is also entitled

to accelerate the term of the Final Headleases and declare immediately due and payable all unpaid rent. Accordingly, Canada is liable for the 21 months of rent payments that remain under the Final Headleases (July 2017 to April 2019), totaling $3,059,280 for both SN 22297 and SN 22298.

**COUNT II: Breach of Contract**
**(Plaintiff v. Defendant AirMedic: Breach of Subleases)**

34. The allegations of paragraphs 1 through 33 are incorporated herein by reference, as if fully set forth herein.

35. Pursuant to Section 4(a)(3) of the Subleases, AirMedic was required to make monthly rent payments due on the first of each month.

36. AirMedic breached its contractual obligations by failing to make monthly rent payments or by failing to make payments within 10 days after they were due in violation of Section 13 of the Subleases.

37. Despite demand, AirMedic has refused to pay all amounts due and owing to Plaintiff.

38. Therefore, AirMedic is liable for unpaid rent in an amount to be proven at trial or by motion.

39. As a direct and proximate result of AirMedic's breach of the Subleases, Plaintiff has suffered damages. Pursuant to Section 14(b) of the Subleases, Plaintiff is also entitled to accelerate the term of the Subleases and declare immediately due and payable all unpaid rent. Accordingly, AirMedic is liable for the 21 months of rent payments that remain under the Subleases (July 2017 to April 2019), totaling $3,059,280 for both SN 22297 and SN 22298.

**COUNT III: Request for Preliminary Injunction and Declaratory Relief**
**(Plaintiff v. All Defendants)**

40. The allegations of paragraphs 1 through 39 are incorporated herein by reference, as if fully set forth herein.

41. As a result of Defendants' defaults, Plaintiff is entitled to immediately terminate the Leases pursuant to this action, and take possession of the Helicopters. Leases at § 14(c). No monetary damages can provide adequate compensation for this right as Plaintiff is entitled to actual possession of the Helicopters pursuant to the agreement between the parties.

42. Every day that Defendants operate the Helicopters while in default of the Leases, Plaintiff suffers irreparable harm, as the Helicopters depreciate in value due to those operations, and Plaintiff is not properly compensated for that depreciation as a result of Defendants' defaults. Only injunctive relief will prevent such irreparable harm continuing.

43. Defendants' continuing defaults under the Leases entitle Plaintiff to both monetary damages and repossession of the Helicopters. Therefore, Plaintiff has a substantial likelihood of succeeding on the merits.

44. It is in the public interest to provide this preliminary injunction as the public has an interest in seeing that mutually-agreed-to contractual obligations are enforced.

45. Plaintiff has a clear right to relief under the terms of the Leases, which entitle Plaintiff to immediate repossession of the Helicopters upon the Defendants' defaults.

46. For the foregoing reasons, Plaintiff respectfully requests that Defendants' continued operation of the Helicopters be preliminarily enjoined under Fed. R. Civ. Pro. 65, and remain enjoined for the duration of this litigation. Plaintiff further respectfully requests that this court declare that the Leases were properly terminated and that the Defendants' no longer have a right to possession of the Helicopters under the terms of the Leases.

WHEREFORE, Plaintiff prays for the following relief:

(a) that the Court enter judgment against Canada in favor of Plaintiff for damages resulting from Canada's nonpayment or late payment of rent under the Final Headleases in an amount to be shown at trial or by motion, but in no event in an amount less than $3,059,280;

(b) that the Court enter judgment against AirMedic in favor of Plaintiff for damages resulting from AirMedic's nonpayment of rent under the Subleases in an amount to be shown at trial or by motion;

(c) that the Court grant Plaintiff a preliminary injunction enjoining Defendants from continuing operation of the Helicopters;

(d) attorneys' fees, litigation expenses, and costs; and

(e) such other and further relief for Plaintiff that the Court deems just.

Michael S. Hino (Pa. Bar No. 62406)
Kate A. Mahoney (Pa. Bar. No. 322427)
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
hinom@pepperlaw.com
mahoneyk@pepperlaw.com

David A. Baay (Tx. Bar No. 24027050)*
Eversheds Sutherland US (LLP)
1001 Fannin Street, Ste. 3700
Houston, TX 77002
713.470.6100
davidbaay@eversheds-sutherland.com

Brittany M. Cambre (Ga. Bar No. 350793)*
Melissa Conrad-Alam (Ga. Bar No. 117195)*
Eversheds Sutherland US (LLP)
999 Peachtree Street, N.E. Suite 2300
Atlanta, GA 30309-3996
404.853.8000
brittanycambre@eversheds-sutherland.com
melissaconrad-alam@eversheds-sutherland.com

*Pro Hac Vice applications pending

*Counsel for Plaintiff*
*Bank of Utah as Trustee for*
*S/N 22297 Trust and S/N 22298 Trust*

Dated: June 14, 2017